**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


ANTHONY MILLS

  v.                                                                Civil No. 26-cv-000162-SE-TSM

ARLENE BLUTH

**REPORT AND RECOMMENDATION**
**ON PRELIMINARY REVIEW**

    Self-represented Plaintiff, Anthony Mills, filed a complaint, in forma paurperis, asserting

that Defendant, Arlene Bluth, "conspired with individuals in depriving due process rights," when

"Defendant failed to dismiss 100269/2023[.]" Doc. No. 1 at pg. 1.  The complaint is before the

court on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B) and LR 4.3(d)(2).  For the

reasons that follow, the district court should dismiss the complaint for failure to state a claim.


**STANDARD OF REVIEW**

    This court conducts a preliminary review of actions that are filed in forma pauperis. LR

4.3(d)(2). The magistrate judge may recommend to the district judge that one or more claims be

dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief

sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. §

1915(e)(2); LR 4.3(d)(2).  To determine if a pleading states a claim upon which relief can be

granted, the court takes as true the facts asserted in the complaint, and inferences reasonably drawn

from those facts, strips away the legal conclusions, and considers whether the complaint states a

claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir.

2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Where, as here, Plaintiff represents

himself, the court must construe his allegations liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## DISCUSSION

In his brief three-paragraph complaint, Mills alleges that "Defendant conspired with individuals in depriving due process rights, Defendant failed to dismiss 100269/2023, causing unreasonable costs to the parties[.]"  Doc. No. 1 at pg. 1.  Mills further alleges that the "Court has jurisdiction under federal law," and he "demands [a] jury trial and $1 Million against Defendant." Id.

### I.    Dismissal for Failure to State a Claim

Mills's complaint, viewed liberally, fails to state a plausible claim upon which relief can be granted.  Mills's vague allegations lack basic factual detail such as what happened, when it happened, where it happened, and how Defendant's conduct or omissions led to Mills's injury.  See Byrne v. Maryland, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), aff'd, 2020 WL 2202441 (D. Me. May 6, 2020) (noting that "the crucial detail of who, what, when, where, and how," is necessary to provide fair notice of what the claims are and the grounds upon which they rest).  Without more, Mills's complaint violates the requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (noting that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]").  Accordingly, the complaint should be dismissed for failure to state a claim.

### II.    Dismissal for Abuse of Judicial Process

"Judicial resources are limited and should not be diverted to frivolous or repetitious claims."  Porter v. D + C Revocable Fam. Tr., No. CV 23-40170-MRG, 2024 WL 967575, at *1

(D. Mass. Mar. 6, 2024) (footnote omitted).  "As the Supreme Court has explained, 'every paper filed [with the Court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources.'"  Id. (alteration in original) (quoting In re McDonald, 489 U.S. 180, 184 (1989) (per curiam)).  "[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed" as malicious under 28 U.S.C. § 1915. Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021); accord McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997); Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

As of the date of this Report and Recommendation, Mills filed the same deficient complaint against Defendant in several other districts, and Mills asserts no facts indicating that this case bears any connection to New Hampshire.  See, e.g., Mills v. Bluth, No. 26-cv-45-RH-MJF (N.D. Fla.); Mills v. Bluth, No. 26-cv-02183-SHL-tmp (W.D. Ten.); Mills v. Bluth, No. 26-cv-00262-JMB (E.D. Mo.); Mills v. Bluth, No. 26-2109-KHV-ADM (D. Kan.).  Indeed, Mills lists a return address in Guam, his complaint was mailed in an envelope that was postmarked from New York, and Defendant appears to be a New York state judge.[1]

Given Mills's filing history and this lawsuit's apparent lack of any connection to New Hampshire, it is clear that Mills's repetitious filings are an abuse of judicial process, rather than a legitimate claim against Defendant.  Accordingly, Mills's lawsuit should be dismissed for the additional independent reason that it is malicious and an abuse of the judicial process.

---

[1]  Defendant is identified as a judge on New York's court website.  *Judicial Assignments & Locations*, NYCOURTS.GOV, https://ww2.nycourts.gov/courts/1jd/supctmanh/judicial_assignments.shtml#B (last visited Mar. 12, 2026).  A court can take judicial notice of relevant facts provided on a government website that are "not subject to reasonable dispute."  Gent v. CUNA Mut. Ins. Soc'y, 611 F.3d 79, 84 n.5 (1st Cir. 2010).

## CONCLUSION

For these reasons, the district judge should dismiss Plaintiff's lawsuit and close this matter. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

Talesha L. Saint-Marc
United States Magistrate Judge

Dated: March 12, 2026

cc:    Anthony Mills, pro se